UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LUCIEN GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, *et al.*,<br><br>　　　　Defendants. | Case No. 2:22-cv-01068-TLN-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATIONS TO PROCEED *IN FORMA PAUPERIS* AND DENYING HIS MOTION TO APPOINT COUNSEL<br><br>ECF Nos. 4, 11, & 18<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>　(1)　PROCEED ONLY WITH HIS EXCESSIVE FORCE AND FRETALIATION CLAIMS AGAINST DEFENDANT KURGAN, OR<br><br>　(2)　DELAY SERVING ANY DEFENDANT AND FILE AN AMENDED COMPLAINT<br><br>ECF No. 17<br><br>THIRTY-DAY DEADLINE |

　　　Plaintiff Michael Garcia is a prisoner proceeding without counsel in this action under 42 U.S.C. § 1983. He alleges that defendant Kurgan—a corrections officer at California State Prison, Sacramento ("CSP Sac")—used excessive force against him in retaliation for filing a

1

grievance. ECF No. 17.  He also brings claims against three supervising officials at CSP Sacramento, alleging failures to train, supervise, and maintain safe conditions.  His allegations are sufficient to state a claim against defendant Kurgan, but for the reasons below, his allegations against the supervisory officials are not.  Plaintiff may either proceed with his claims against Kurgan or delay serving any defendant and file an amended complaint.  I will grant his applications to proceed *in forma pauperis*, ECF No. 18, and deny his motion to appoint counsel, ECF No. 4.[1]

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

---

[1] Plaintiff filed two motions to proceed *in forma pauperis*, ECF Nos. 11 & 18.  Because ECF No. 18 makes the appropriate showing, ECF No. 11 is denied as unnecessary.

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on or about August 6, 2021, defendant Kurgan tackled him from behind, causing him to "hit [his] head against something hard." ECF No. 17 at 3. Kurgan allegedly stated, "I don't care if your leg is broken motherfucker"—a reference to plaintiff's previously fractured ankle—and added, "this is what happens to motherfuckers who wright [sic] me up." *Id.* He then punched plaintiff's head with a closed fist several times; plaintiff states that he was not resisting at any time. *Id.* Kurgan then dragged plaintiff by his fractured ankle "facedown through standing water that smelled like raw sewage." *Id.* These allegations state a claim of excessive force under the Eighth Amendment. *See Hamilton v. Brown*, 630 F.3d 889, 897 (9th Cir. 2011) (explaining that a prisoner "state[s] a claim under the Eighth Amendment" when they allege that "force was applied for the purpose of causing harm, *i.e.*, 'maliciously and sadistically,' rather than for legitimate reasons, such as maintaining order or discipline in the prison") (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

Plaintiff alleges that Kurgan's use of force against him was retaliation for "writing [] Kurgan up on a 602 [grievance] for similar sadistic and acts[, including] . . . beating particularly vulnerable inmates who are EOP." *Id.* at 4.[2] In light of his prior grievance and Kurgan's reference to "motherfuckers who wright [sic] me up," the allegations state a First Amendment retaliation claim against defendant Kurgan. *See Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir.

---

[2] Although plaintiff does not define "EOP," this acronym appears synonymous with his later use of "mental health inmates." ECF No. 17 at 4; *see also Williams v. Bell*, 1:16-CV-01584-NONE-SAB (PC), 2020 WL 1699978, at *1 (E.D. Cal. Apr. 8, 2020) ("Enhanced Outpatient (EOP) is a special program for prisoners who are gravely mentally disabled and unable to care for themselves in the general population.").

2005) (holding that allegations that officials assaulted a prisoner for exercising his "right[] to file prison grievances" are "the very archetype of a cognizable First Amendment retaliation claim").[3]

Plaintiff claims that defendants Abarca, Caruso, and Lynch—respectively, a lieutenant, sergeant, and warden at CSP Sacramento—are liable either for their failure to intervene in the attack or for some other failure in their supervisory capacities. ECF No. 17 at 3. Although he alleges that he yelled for help and received none from Abarca or Caruso, he does not indicate whether either defendant was present or heard his yells. *Id.* Against Lynch, plaintiff alleges only that, as warden, he is responsible for the actions of corrections officials. *Id.* Because plaintiff fails to allege specific facts from which to infer personal knowledge or involvement—or facts showing how an identifiable failure to train or supervise caused the incident—his allegations are insufficient to state a claim against Abarca, Caruso, or Lynch. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under § 1983."); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates.").

Finally, plaintiff alleges that, on some earlier date, he slipped on a wet floor and broke his ankle. ECF No. 17 at 5. He claims that Kurgan, Abarca, Caruso, and Lynch collectively violated his Eighth Amendment right to safe conditions of confinement because they failed to place a "wet floor" sign in the area. *Id.* In addition to being factually unrelated to plaintiff's excessive force and retaliation claims, a failure to warn prisoners of a wet floor is at most negligence that does not implicate the Eighth Amendment. *See LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("[S]lippery prison floors do not state even an arguable claim for cruel and unusual punishment.") (citations and internal marks omitted).

---

[3] Although plaintiff titles this claim, "Fourteenth Amendment right to due process," ECF No. 17 at 4, the Due Process Clause does not provide prisoners a right against retaliation or excessive force. I will therefore construe these allegations as alleging a claim under the First Amendment. *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Plaintiff may either proceed with only the cognizable claims identified above—excessive force and retaliation against Kurgan—or he may delay serving any defendant and file an amended complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

**Motion to Appoint Counsel**

Plaintiff does not have a constitutional right to appointed counsel in this action, see *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff, see *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"). However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff argues that the appointment of counsel is warranted in this case because of the complexity of the issues, his status as a prisoner with limited access to legal materials, his lack of formal education, and his "mental deficiencies." ECF No. 4. Although I am sympathetic to the challenges he faces, they are unfortunately not exceptional in this district. The issues in this case are not uniquely complicated, and plaintiff has demonstrated an adequate ability to represent his interests. For these reasons, I will deny his motion without prejudice. If exceptional circumstances arise, he may renew his request for counsel at that time.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No 18, is granted.
2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 11, is denied as unnecessary.
3. Plaintiff's motion to appoint counsel, ECF No. 4, is denied.
4. Within thirty days from the service of this order, plaintiff must either advise that he wishes to proceed only with his excessive force and retaliation claims against defendant Kurgan or delay serving any defendant and file and amended complaint.
5. Failure to comply with this order may result in the dismissal of this action.
6. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   November 10, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE